IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY LEE PERKINS, #1480826, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-3651-L-BK |
| § | | |
| JUDGE ANDY CHATHAM, 282nd District § | | |
| Court of Dallas County, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Texas state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, seeking reversal of his state convictions. This Court granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be dismissed as frivolous.

**I. BACKGROUND**

In 2008, Petitioner pled guilty to four charges of aggravated robbery with a deadly weapon and was sentenced to concurrent 12-year terms of imprisonment. *State of Texas v. Troy Lee Perkins*, Nos. F-0700645, F-0771970, F-0771990 and F-0771769 (282nd Jud. Dist. Ct., Dallas County, Tex., Jan. 7, 2008). He unsuccessfully challenged his convictions in state and federal habeas proceedings. *See Perkins v. Thaler*, No. 3:10-CV-0329-N, 2011 WL 3511043 (N.D. Tex. May 26, 2011), *recommendation accepted*, 2011 WL 3510910 (N.D. Tex. Aug. 9, 2011) (dismissing habeas petition as time barred), *certificate of appealability denied*, No. 11-10858 (5th Cir. Feb. 27, 2012). In addition, this Court summarily dismissed two section 1983 complaints, the first against Petitioner's former defense counsel, Bret Martin, for rendering ineffective assistance of counsel, and the second against State Judge Andrew M. Chatham and

1

other individuals for mishandling Plaintiff's state habeas petitions. *See Perkins v. Martin,* No. 3:09-CV-1731-N-BH, 2009 WL 3816525 (N.D. Tex., Dallas Div. Nov. 12, 2009) (dismissing case as barred by the *Heck v. Humphrey* doctrine); *Perkins v. Chatham*, No. 3:09-CV-1788-G-BH, 2009 WL 3816529 (N.D. Tex., Dallas Div., Nov. 12, 2009) (same).

In this action, Plaintiff sues Defendants Judge Andy Chatham, the Dallas County Public Defender's Office, Dallas County District Attorney Craig Watkins, Dallas County Sheriff Lupe Valdez, Dallas Police Officer Steve Fuentes, Dallas Chief of Police David Brown, and former Defense Counsel Brett E. Martin, again challenging his convictions. Specifically, he claims Defendants (1) conspired to imprison him in violation of his constitutional rights, (2) refused to arraign him, (3) neglected to appoint a psychiatrist to evaluate him and provide medication, (4) fraudulently concealed his identity to deny him psychiatrist medication, (5) denied him effective assistance of counsel, (6) disregarded his request for a new attorney, and (7) "scared him into [a plea] deal." (Doc. 1 at 4-7). Plaintiff requests that his case be "remand[ed] back to [state] court" for mental health evaluation, that he be "discharge[d] from confinement," that he be awarded "nominal and punitive damages." (Doc. 1 at 7; Doc. 11, Ans. 4).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Plaintiff's request for release from confinement is not cognizable in this section 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973)) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"). In addition, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the challenge to his aggravated robbery convictions. In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding. *Wilkinson,* 544 U.S. at 81-82.

In this case, a ruling in Plaintiff's favor on the claims pled against the various defendants "would necessarily imply the invalidity of his conviction[s]." *Heck*, 512 U.S. at 487. Thus, since no court has reversed or invalidated Plaintiff's aggravated robbery convictions (Doc. 11, Ans. 3),[1] his claims of conspiracy, denial of psychiatric evaluation/medication, ineffective assistance of counsel, and involuntariness of guilty pleas are clearly barred by *Heck*.

---

[1] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

Accordingly, Petitioner's complaint should be dismissed as frivolous.  *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous). [2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous.  S*ee* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

SIGNED October 23, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Along with his *Answers to the Magistrate Judge's Questionnaire*, Plaintiff filed an *Objection to Magistrate Judge Appointment* (Doc. 13).  The *Objection* is meritless and should be overruled.

[3] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE